**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| MARIA SALOME JUAREZ BAUTISTA | CIVIL ACTION NO. 26-4491 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL ENGERT, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Record Document 8) filed by Petitioner Maria Salome Juarez Bautista ("Petitioner"). Petitioner seeks a temporary restraining order and a preliminary injunction preserving the status quo while this Court determines the legality of her detention. See id. at 2. More specifically, she asks the Court to prevent "Respondents from continuing to detain, transfer, remove, or require her to proceed toward an adjudication of removability through disputed identity and custody records before Respondents establish that the legal authority invoked actually pertains to the person they have confined." Id. at 2-3.

Petitioner alleges that she is a native and citizen of Guatemala. See id. at 3. She entered the United States in December 2005, without inspection or parole, through Tucson, Arizona, and had not departed since. See id. She maintains that she has consistently used her true name in all dealings with state and local authorities. See id.

Petitioner was detained in Florida on July 15, 2026. See id. The immigration custody documents were issued under the identity "Edri Cifuentes-Deleon," a name Petitioner claims has never belonged to her or been used by her. See id. In other immigration documents, "Edri Cifuentes-Deleon" is listed as the primary identity while

listing Maria Salome Juarez Bautista as an alias. See id. at 4. Petitioner is now being held at the Richwood Correctional Center in Louisiana. See id. She is being held under mandatory-detention authority pursuant to 8 U.S.C. § 1225(b)(2). See id. at 7, 13. Petitioner submits this is a case of mistaken identity and that Respondents have not established individualized legal authority to detain Petitioner through the disputed A-Number and A-File. See id. at 10.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The exact relief Petitioner seeks in the instant motion is not abundantly clear. She asks the Court to enter an order enjoining "Respondents from continuing to detain, transfer, remove, or require her to proceed toward an adjudication of removability through disputed identity and custody records before Respondents establish that the legal authority invoked actually pertains to the person they have confined." Record Document 8 at 2-3. To the extent she seeks an injunction against her continued detention, i.e., release, such relief is similar to the ultimate relief requested in her Habeas Petition. See Record Document 1 at 25 ("Issue a Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from custody."). Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole. Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a

ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, the Court will move to Petitioner's request to enjoin removal. The Court views such request as one for a stay of removal. An application for a stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., (citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8

U.S.C. § 1252(g) (internal quotations omitted)). Here, it is unclear if this request is premature because it is not evident from the record if a final removal order has been entered. Notwithstanding, this Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing her from the United States while she seeks review of her Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Record Document 8) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE